UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL COLLINS,**

              Plaintiff,

              v.

**CITY OF PORTLAND,** a municipal corporation, et al.,

              Defendants.

Civil Case No. 3:12-CV-01120-KI

**TRIAL MANAGEMENT ORDER**

KING, Judge.

1.    Pretrial Conference: Monday, May 12, 2014, at 1:30 p.m.

2.    Trial date: 3-day jury trial, May 20, 2014, at 9:00 a.m. in Portland, Oregon.

3.    **No later than 21 calendar days before the pretrial conference**, parties are to electronically file the following documents and serve the exhibits as explained below.  Other than exhibits, each document should be separately captioned and stapled; do not staple different documents together.  **In addition,**

Page 1 - Trial Management Order

**Judge's paper copies are required for all documents, as noted below, and should be delivered to the Clerk's Office within three days after the electronic filing, as required by LR 100-6. Judge's paper copies must be three-hole punched for insertion by the court into three-ring binders.**

a. **Exhibits and Exhibit List.** Please electronically file the exhibit list and deliver four judge's paper copies. Plaintiff's exhibits should be numbered and listed starting with "1". Defendant's exhibits should be numbered and listed starting with "101". If there are multiple parties or numerous exhibits, contact Pamela Graham, Judicial Assistant/Courtroom Deputy, (503) 326-8230, for number assignments. Each exhibit should be labeled by a color-coded sticker (yellow for plaintiff, blue for defendant) with the exhibit number and case number. **Twenty-one** calendar days before the pretrial conference, the parties should serve a complete set of a copy of exhibits on opposing counsel and bring the judge's copy of exhibits (a single set) to the court. Parties may bring the original exhibits with them at the start of the trial. The original exhibits will be used by the witnesses. Counsel should bring an additional copy of exhibits to trial for counsel's own use. The original exhibits, the judge's copies, and opposing counsel's copies must be inserted into three-ring binders with clearly marked index tabs. All staples and clips must be removed from the copies of the exhibits which are placed in the three-ring binders.

My courtroom is now equipped with the Digital Evidence Presentation System (DEPS). You are encouraged to use this equipment during trial. Arrangements can be made for the use of the equipment by contacting the Judicial Assistant/Courtroom Deputy, Pamela Graham at (503) 326-8230 at *least one week in advance of your trial date.* Houston Bolles, Courtroom Technology Administrator (503) 326-8181 will arrange to demonstrate the equipment, but you must make arrangements for this *prior* to trial.

b. **Depositions.** For any deposition which will be offered as substantive evidence, if a party wishes to preserve its deposition designations for the record, the party should electronically file a list of

the designations, stating for each designation the deponent's name, the date of the deposition, the beginning page and line number, and the ending page and line number. Please deliver one judge's paper copy of the list of designations to the Clerk's office. In addition, whether or not the parties choose to electronically file the deposition designation lists, the parties must provide one judge's paper copy of each deposition transcript on which they jointly highlight with different colors (or other form of identifiers) on the same transcript the portions of the transcript each seeks to admit as substantive evidence. (This is not applicable to depositions used to refresh recollection or for impeachment.)

  c. **Witness List.** Please electronically file the witness list and deliver four judge's paper copies. List all witnesses to be called, showing names, addresses and occupations, together with a brief statement setting forth the substance of the testimony and a time estimate for the direct testimony.

  d. **Expert Witnesses.** Include all expert witnesses in the Witness List described in the last paragraph. Experts' written reports that were prepared and distributed in compliance with this court's Discovery and Pretrial Scheduling Order, or any later orders concerning disclosure of experts, must be electronically filed separately from the Witness List. Only one judge's paper copy of the expert reports should be delivered.

  e. **Itemized List of Special Damages** (if any). Please electronically file and deliver one judge's paper copy.

  f. **Voir Dire Questions** (jury trials only). If requested, the court will consider granting each party up to 15 minutes voir dire on relevant subjects following the court's questioning.

  g. **Requested Jury Instructions** (jury trials only). Please electronically file the requested jury instructions and deliver three judge's paper copies. If there are more than 20 instructions, attach an index. Counsel need only submit proposed jury instructions specific to the issues in the pending case;

Page 3 - Trial Management Order

the court will use its own preferred boilerplate instructions.  If a topic is covered by the 9th Circuit Model Jury Instructions or, in diversity cases, by the Oregon State Bar Uniform Civil Jury Instructions, the model instructions should be used.  Follow the additional rules in Local Rule 51-1(d).

Also submit the jury instructions and verdict form, in plain text or rich text format, as an attachment to an email to the courtroom deputy.  Questions may be directed to Pamela Graham, Judicial Assistant/Courtroom Deputy, (503) 326-8230.

  h. **Verdict Form** (jury trials only).  Please electronically file the verdict form and deliver three judge's paper copies.

  I. **Suggested Findings of Fact and Conclusions of Law** (court trials only).  Please electronically file the suggested findings of fact and conclusions of law and deliver two judge's paper copies.

  j. **Trial Brief.**  Trial briefs are limited to 35 pages without prior approval.  Please electronically file and deliver one judge's paper copy.

  k. **Motions in Limine.**  Please electronically file and deliver one judge's paper copy.

4. **Responses and Objections.  No later than 14 calendar days before the pretrial conference**, the parties may electronically file objections to the opposing party's exhibits, witnesses, and deposition testimony, and responses to the opposing party's motions in limine.  The objections should be specific enough to allow the court to rule during the pretrial conference.  Also remember to deliver one judge's paper copy.

5. **No replies are allowed unless requested by the Court.**

6. **Impeachment Evidence.  No later than the pretrial conference**, the parties shall deliver to the Clerk's Office impeachment exhibits and witness statements of impeachment witnesses.  Impeachment

Page 4 - Trial Management Order

evidence is not electronically filed.  Impeachment exhibits shall be marked, sealed and delivered only to the Clerk's Office; these should each be listed on the exhibit list as "impeachment exhibit."  Bring to trial additional copies of impeachment exhibits and impeachment witness statements for distribution to the judge, to opposing counsel, and for your own use when you actually offer the impeachment evidence.

| Summary (all judge's paper copies must be three-hole punched) | |
| --- | --- |
| **Exhibit List and Witness List** | Four (4) judge's paper copies |
| **Requested Jury Instructions and Verdict Form** | Three (3) judge's paper copies |
| **Suggested Findings of Fact and Conclusions of Law** | Two (2) judge's paper copies |
| **Exhibits** | Original for use by witnesses *and* One (1) judge's paper copy *and* One (1) copy for opposing counsel *and* One (1) copy for your own use |
| **Expert Reports** | One (1) judge's paper copy |
| **Impeachment Exhibits and Witness Statements** | Original only (delivered to the Court) *and* Three (3) additional copies for use at trial |
| **Deposition Designations** | One (1) jointly highlighted judge's paper copy |
| **All other documents** | One (1) judge's paper copy |

7.      The following are examples of the subjects the court may want to discuss at the pretrial conference:

      a.      Exhibit objections.

      b.      Witness objections.

      c.      Deposition testimony objections.

      d.      Motions in limine.

      e.      Voir dire questions (jury trials only).

      f.      Jury instructions (jury trials only).

      g.      Verdict form (jury trials only).

      h.      Findings of fact and conclusion of law (court trials only).

      I.      Settlement.

      j.      Other matters that may arise.

8.    Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.

IT IS SO ORDERED.

DATED this   13th   day of November, 2013.

                                      /s/ Garr M. King
                                          GARR M. KING
                                      United States District Judge